**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ODIS DAVID SMITH #82469** | **CIVIL ACTION** |
| **versus** | **NO. 06-0267** |
| **STATE OF LOUISIANA** | **SECTION: "T" (1)** |

**REPORT AND RECOMMENDATION**

Petitioner, Odis David Smith, is a state prisoner currently incarcerated at the Washington Correctional Institute, Angie, Louisiana.  He has filed with this Court a rambling, largely nonsensical pleading entitled "Petition for a Writ of Certiorari,"[1] which, for lack of a better option, has been docketed as a habeas-related mandamus application and referred to the undersigned United States Magistrate Judge.  Petitioner has also filed in the case a "Motion to the Court to Exercise Its Supervisory Authority."[2] For the following reasons, **IT IS RECOMMENDED** that the motion be **DENIED** and the petition be **DISMISSED**.

As well as this Court can decipher from petitioner's filings, he was convicted of two counts of fourth-offense Driving While Intoxicated.  Petitioner is apparently contending that, under Louisiana law, he was entitled to be sentenced to home incarceration and in-patient treatment under

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 5.

the care of a physician, rather than to a period of incarceration.  He is seeking to have this Court

order that his sentence be vacated and that he be resentenced in conformity with state law.

        It is questionable whether the petition is in fact properly classified as a petition for

a writ of mandamus.  However, to the extent that is indeed what petitioner is seeking, he is not

entitled to that relief.  "[A] federal court lacks the general power to issue writs of mandamus to

direct state courts and their judicial officers in the performance of their duties where mandamus is

the only relief sought."  Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (5th

Cir. 1973); see also Paige v. Bacarisse, 80 Fed. App'x 299, 300 (5th Cir. 2003); Lamar v. 118th

Judicial District Court of Texas, 440 F.2d 383, 384 (5th Cir. 1971).

        Petitioner's filing is perhaps more akin to a deficient[3] application for a writ of habeas

corpus under 28 U.S.C. § 2254.  However, petitioner already has pending in this Court a habeas

corpus petition involving these same convictions:  Odis David Smith v. Warden Jim Rogers, Civil

Action No. 06-1421 "R"(6).[4]  Accordingly, if petitioner's filing is construed as a habeas corpus

application, it should be dismissed as duplicative.  Brock v. Cockrell, No. Civ. A. 303CV0340M,

2003 WL 21418792 (N.D. Tex. Mar. 23, 2003) (adopting Magistrate Judge's recommendation that

---

   [3] See Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts
(setting forth the requirements for a proper § 2254 application).

   [4] Although that action bears a higher docket number, it was in fact opened first.  Because
petitioner paid the filing fee in that action in March 2006, it was opened at that time.  In the instant
action, petitioner's initial application to proceed as a pauper was denied because his pauper
application was deficient.  This case was not opened until he corrected that deficiency in April 2006.
In any event, his habeas claims are properly considered in Section R and Division 6 of this Court,
in that it was to that section and division that his first habeas corpus petition challenging these
convictions, i.e. Odis Smith v. State of Louisiana, Civil Action No. 06-52 "R"(6), was allotted.  See
Local Rule 3.1.1.

a federal habeas corpus petition challenging the same conviction as is being challenged in another pending habeas corpus proceeding should be dismissed pursuant to 28 U.S.C. § 1915A(b) as malicious and duplicative); Sabedra v. Texas, No. Civ. A. 301CV0944D, 2001 WL 1636366 (N. D. Tex. Dec. 18, 2001) (adopting Magistrate Judge's recommendation that habeas claims which duplicate claims asserted in prior lawsuits should be dismissed as malicious under 28 U.S.C. § 1915(e)(2)).

Lastly, as to petitioner's related motion in which he asks that the Court exercise its "supervisory authority" over the Louisiana Twenty-Second Judicial District Court and order that he be resentenced in accordance with his interpretation of state law, this Court has no such supervisory authority over the state courts.  Smith v. Phillips, 455 U.S. 209, 221 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.")

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that petitioner's "Motion to the Court to Exercise Its Supervisory Authority," Rec. Doc. 5, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that petitioner's "Petition for a Writ of Certiorari," Rec. Doc. 4, be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

- 3 -

court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-third day of May, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**